**BOWLES, Price Administrator, v.
HAGEAL et al.**

Civil Action No. 5068.

District Court, W. D. Pennsylvania.
Feb. 8, 1946.

Thomas F. Garrahan, Acting Dist. Enforcement Atty., of Pittsburgh, Pa., for plaintiff.

Ernest F. Nassar, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendants, Neal Hageal and Ann N. Hageal, under the pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

It was the contention of the plaintiff that the defendants in violation of Maximum Price Regulation 527 as amended (9 F.R. 4017), which regulation is entitled "Used Domestic Gas Cooking Ranges," sold a used Magic Chef table top gas cooking range, 40 inches wide, with four (4) burners, and with an automatic oven heat control, to a person by the name of Joseph Moser, in an "as-is" condition and without a guaranty.

It was the further contention of the plaintiff that the amount received by the defendants for said sale was One Hundred Twenty Dollars ($120), and that on the basis of the ceiling price established by MPR 527, the maximum sale value of said commodity was $55.75 and, as a result thereof, the sum charged by the defendants was $64.25 in excess of said ceiling price.

The plaintiff claimed that the defendants are liable to the Administrator, on behalf of the United States, for the amount of $192.75, the same being three times the amount of said overcharge, pursuant to Section 205(e) of said Act together with the costs of said proceeding.

This matter was presented for hearing before the Court without a jury, and each of the parties to said proceeding filed a stipulation with the Court in which they waived the filing of suggested findings of fact and conclusions of law.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. The plaintiff is the duly appointed and qualified Administrator of the Office of Price Administration.

2. This action is before the Court pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., 50 U.S.C.A.Appendix, § 901 et seq., and jurisdiction is conferred upon this Court by virtue of Section 205(c).

3. Maximum Price Regulation 527 as amended (9 F.R. 4017), known as "Used Domestic Gas Cooking Ranges," effective April 19, 1944, was in full force and effect at the time of the alleged violation on February 12, 1945.

4. Maximum Price Regulation 527 established the dollars-and-cents maximum prices for the sale of used domestic gas cooking ranges, accessories and extra equipment, and forbids sales thereof at prices in excess of said regulation.

5. That the defendants on February 12, 1945, sold and delivered a used Magic Chef table top gas cooking range, 40 inches wide, with four burners, with an automatic oven heat control and automatic oven burner lighter, to Joseph Moser, in an "as-is" condition and without a guaranty.

6. That the defendants charged the purchaser, Joseph Moser, the amount of One Hundred Twenty Dollars ($120.) for said gas range, and received payment of said sum from said purchaser.

7. That at the time of the sale of the said Magic Chef gas range, the following extra equipment or accessories were installed or available for use.

Automatic oven heat control,

Automatic oven burner lighter,

Electric Clock,

Electric light, and

Salt and pepper shakers.

8. That in addition thereto, the defendants agreed to deliver to the purchaser new handles for the stove which were valued at Ten Dollars ($10.00), which handles were not delivered to the purchaser until approximately two weeks prior to the time that said case was heard before the Court on January 30, 1946, although the date of the sale was February 12, 1945.

9. That under the provisions of MPR 527, the ceiling price for the used gas range, hereinabove more particularly described, in an "as-is" condition was $52.75.

10. That the ceiling price for the accessories and extra equipment installed in said gas range was as follows:

Automatic Oven Heat Control.... $3.00
Automatic Oven Burner Lighter.. 2.85

11. Under the provisions of said regulation, no amount may be added for any of the other accessories or extra equipment since said items are not referred to in App. B of MPR 527, as a result of which no credit allowance can be given for the electric clock, electric light, salt and pepper shakers or handles for the stove.

12. That the maximum price which the defendants were permitted to charge by virtue of MPR 527 and Appendix B was as follows:

Gas Range ...................... $52.75
Automatic Oven Heat Control ..... 3.00
Automatic Oven Burner Lighter... 2.85

Total ...................... $58.60

13. That the charge made by the defendants and which was paid by the purchaser was One Hundred Twenty Dollars ($120.00), and on the basis of said ceil-

ing price, there was an overcharge made by the defendants of $61.40.

14. That the defendants have proven that the violation of MPR 527 was not willful.

15. That the defendants have failed to prove that the violation was not the result of the failure to take practicable precautions.

### Conclusions of Law

1. The Court has jurisdiction of the within proceeding pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., 50 U.S.C.A.Appendix, § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of Section 205(c) of the Act.

3. The defendants, Neal Hageal and Ann N. Hageal, have violated the provisions of MPR 527 as amended (9 F.R. 4017), and Appendix B of said regulation in that the defendants charged and received the amount of One Hundred Twenty Dollars ($120) for the sale of a Magic Chef table top gas cooking range, 40 inches wide, with four burners, with an automatic oven heat control, and an automatic oven burner lighter when the ceiling price for said stove and the accessories and equipment installed thereto was $58.60, or the defendants exceeded the maximum ceiling price in the amount of $61.40.

4. That the actions of the defendants in the selling of said gas range and equipment attached thereto were not willful.

5. That the actions of said defendants in the selling of said gas range and equipment attached thereto were the result of failure to take practicable precautions.

6. That the plaintiff is entitled to recovery and judgment is, therefore, entered in favor of the plaintiff and against the defendants, Neal Hageal and Ann N. Hageal, in the amount of $122.80 together with the costs of said proceeding..

### Discussion

In this civil action brought by the Administrator of the Office of Price Administration against the defendants, Neal Hageal and Ann N. Hageal, under the provisions of the Emergency Price Control Act of 1942 and its amendments, 50 U.S.C.A. Appendix, § 925(e), it was alleged and not denied that the defendants sold to Joseph Moser a Magic Chef table top cooking range, 40 inches wide, with four burners, with an automatic oven heat control and automatic oven burner lighter. Said cooking range was sold in an "as-is" condition and without a guaranty, the amount of Twenty Dollars ($20) having been paid on February 12, 1945, and the amount of One Hundred Dollars ($100) having been paid on February 26, 1945 by the said Joseph Moser.

MPR 527, which became effective April 19, 1944, provided that the ceiling price for used domestic gas cooking ranges, and of the type involved in this proceeding which was sold in an "as-is" condition, was $52.75. Appendix B to said regulation made an allowance for an automatic oven heat control of $3.00, and for an automatic oven burner lighter of $2.85. The maximum price for which said cooking range could have legally been sold was, therefore, $58.60.

The defendants also claimed that credit should be given for certain additional accessories which were sold with the stove, such as electric clock, electric light on stove, salt and pepper shakers, and new knobs for the stove, but under the provisions of MPR 527, Appendix B, it is specifically provided that no additional credits may be added for any accessories or extra equipment for which a price is not stated in said Appendix B. As a result of this provision being in the regulation in Appendix B, it is not possible for the Court to grant any additional credit allowance for the items just referred to, so that the overcharge made by the defendants in this transaction was $61.40.

It is contended by the complainant that by reason of said overcharge, judgment should be entered in favor of the Administrator, on behalf of the United States, against the defendants for $184.20 together with the costs of said proceeding, said amount being three times the amount of said overcharge.

Under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 925(e), it is provided that the court shall enter judgment "[In] such [an] amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine."

■ It is, therefore, discretionary with the Court as to the amount for which judgment must be entered where the defendant violator fails to exculpate himself from the inference of willfulness and the failure to take practicable precautions, for such amount as the Court in its discretion may determine, not, in any event, more than three times the amount of the overcharge nor less, it would reasonably seem, than the amount of the overcharge. Bowles v. Ammon et al., D.C., 61 F.Supp. 106, at page 118.

■ In this case the Court does not believe that the actions of the defendants were willful but the Court is of the definite conviction that the defendants failed to take practicable precautions in an effort to ascertain the maximum ceiling price which can be charged for said gas cooking range.

The defendants contend that they called the Office of Price Administration in the City of Pittsburgh, and talked with a clerk or employee in said office prior to the time that said sale was made and that said call was made in the presence of the purchaser of said stove, Joseph Moser.

It was further proven by the defendants, which was not contradicted, that the individual with whom Mrs. Ann N. Hageal, one of the defendants, discussed the price informed her that the ceiling price on said stove was $125.

It is, therefore, argued by the defendants that since reliance was placed on said statement, a violation does not exist.

It appears that Neal Hageal, one of the defendants, was engaged in business under the name of "Hageal Electric Company," 2033 Sawmill Run Blvd., and, under the circumstances, since Mr. Hageal had been in business for some period of time, he was certainly aware of the regulations existing in the Office of Price Administration and the Court does not believe that the defendant, Neal Hageal, or his wife, Ann N. Hageal, exercised the practicable precautions intended by the law.

Practicable precaution is commonly defined as follows:

"That the act or responsibility is capable of being done or accomplished with available means or resources, or that the act is capable of being performed, put into practice, or possible of being accomplished, executed or performed, and that by the exercise of ordinary reasonable care and caution being taken, it is possible to avoid the commission of a wrong doing such as by the use of reasonable precaution a person's life has been saved or an accident has been avoided. 49 Corpus Juris, Paragraphs 1309 to 1318, inclusive."

It appears to the Court that the calling of an employee on the telephone of the Office of Price Administration is certainly not extending practicable precautions to learn the maximum ceiling price which exists on an article of merchandise which is to be sold, and through the business experience of the defendants, they were certainly aware of this fact.

■ In addition thereto, a person is not entitled to rely upon unofficial oral advice given by subordinate officials in the Office of Price Administration. At first blush, this may seem harsh but obviously the Administrator cannot be bound by various oral interpretations which happen to be made by his hundreds, perhaps thousands, of employees in violation of regulations. The Administrator has prescribed a reasonable procedure by which persons subject to the regulations may obtain official interpretations or information by which all will be bound and, therefore, an individual who sells merchandise is not entitled to rely on unofficial interpretations. Wells Lamont Corp. v. Bowles, Price Administrator, Em.App., 149 F.2d 364; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791.

■ The question, therefore, exists as to the maximum recovery which should be allowed in favor of the Government and assessed against the defendants. In this case, it appears that the sale which gave rise to this action was called to the attention of the Office of Price Administration by the purchaser, Joseph Moser, after the defendants had failed and neglected to deliver the new handles for the stove which were promised at the time the transaction was consummated, the value of said handles being Ten Dollars ($10). The purchaser, Joseph Moser, also stated that he was satisfied with the price which was paid for the stove and the inquiry which he subsequently made at the Office of Price Administration was due solely to the indifference which he had towards the defendants as a result of their failure to deliver the stove handles as agreed upon by the defendants.

Since the damages to be assessed against the defendants are a matter of discretion with the Court, the trial Judge has endeavored to be fair and equitable to all parties involved in this proceeding, keeping in mind that the Office of Price Administration does not carry the sole burden of the war against inflation and that the courts also have been entrusted with a share of that responsibility. It is, therefore, necessary for the Court to exercise its discretion in light of the major objectives in the act. For the standards of public interest, not the requirements of private litigation, measure the propriety and need for the amount of damages which are assessed. That discretion should also reflect an acute awareness of the congressional admonition that "of all the consequences of war" and the post-war economic re-adjustment period, "except human slaughter, inflation is the most destructive" and that indifference to the regulations of the Office of Price Administration will be fatal. Hecht Co. v. Bowles, Price Administrator, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754; Bowles, Office of Price Administration, v. Goebel, D.C., 58 F.Supp. 686.

The Court, therefore, believes that judgment should be entered in favor of the Office of Price Administration on behalf of the United States against each of the defendants, Neal Hageal and Ann N. Hageal, for double the amount of the overcharge together with the costs of this proceeding. An appropriate Order directing the entry of such judgment will be filed with this opinion.