**BOWLES, Adm'r, OPA, v. SAGO et al.**
No. 5049.

District Court, W. D. Pennsylvania.
April 4, 1946.

Thomas F. Garrahan and Robert B. Greer, both of Pittsburgh, Pa., for plaintiff.

Morris Feldstein, of Pittsburgh, Pa., for defendants.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendants, Edward Sago and Julia Sago, under and pursuant to the provisions of section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

It was the contention of the plaintiff that the defendants violated section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 901 et seq., in that the defendants charged rents in excess of the Maximum Rent Regulation (8 Fed.Reg. 14663) as provided for housing accommodations in the Pittsburgh Defense-Rental Area.

It is further contended by the plaintiff that the defendants are the owners of housing accommodations situate at 316 32nd Street, McKeesport, Penn., which comprise two rental units known as the right side and left side.

In connection with the right side of said dwelling unit, the legal maximum rent on March 1, 1942, was $20 per month, and the defendants demanded and received $33 per month rent for said housing accommodation from October 5, 1944, to and including July 6, 1945, or monthly overcharges were made in the amount of $13 for a period of ten months, or a total overcharge of $130.

In connection with the left side of said dwelling unit, the legal maximum rent on March 1, 1942, was $20 per month, and the defendants demanded and received $33 per month rent for said housing accommodation from October 6, 1944, to and including June 6, 1945, or monthly overcharges were made in the amount of $13 for a period of nine months, or a total overcharge of $117.

The plaintiff claims that the defendants are liable to the Administrator, on behalf of the United States, for the amount of $741, the same being three times the amount of said overcharge, pursuant to section 205(e) of said Act, together with the costs of said proceeding.

The plaintiff also demands injunctive relief against the defendants, their agents, servants, employees, attorneys, and all persons acting directly or indirectly in their behalf, and which violation of the regulations pertaining to Rent Regulation for Housing would be restrained.

This matter was presented for hearing before the Court without a jury, and each of the parties to said proceeding has filed Suggested Findings of Fact and Conclusions of Law.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The plaintiff is the duly appointed and qualified Administrator of the Office of Price Administration.

2. This action is before the Court pursuant to the provisions of section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and jurisdiction is conferred upon this Court by virtue of section 205 (c).

3. Rent Regulation section 2(b) of the Act (8 Fed.Reg. 14663) was in effect for housing in the Pittsburgh Defense-Rental Area during the period from October 5, 1944, to and including July 6, 1945.

4. That the legal maximum rent for the housing accommodation owned by the defendants, situate at 316 32nd Street, McKeesport, Penn., known as the right side of said dwelling unit, was $20 per month, and that the charge made by the defendants for the rental of said premises was $13 per month in excess of the legal maximum rent, and that said charge was made for a period of ten months, or a total overcharge of $130.

5. That the legal maximum rent for the housing accommodation owned by the defendants, situate at 316 32nd Street, McKeesport, Penn., known as the left side of said dwelling unit, was $20 per month, and that the charge made by the defendants for the rental of said premises was $13 per month in excess of the legal maximum rent, and that said charge was made for a period of nine months, or a total overcharge of $117.

6. That the facts and circumstances produced at the time of the hearing of the civil action clearly establish that the acts of the defendants were not willful but were the result of failure to exercise practicable precautions to comply with the Rent Regulation.

## Conclusions of Law

1. The Court has jurisdiction of the within proceeding pursuant to the provisions of section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of section 205(c) of the Act.

3. The defendants, Edward Sago and Julia Sago, have violated the provisions of section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix, § 901 et seq., and, more particularly, Rent Regulation for Housing in the Pittsburgh Defense-Rental Area (8 Fed.Reg. 14663).

4. The defendants, Edward Sago and Julia Sago, demanded and received excess rental for the right side of a dwelling unit in the amount of $13 per month, for the period from October 5, 1944, to and including July 6, 1945, or made a total overcharge of $130 for the rental of said premises.

5. The defendants, Edward Sago and Julia Sago, demanded and received excess rental for the left side of a dwelling unit in the amount of $13 per month, for the period from October 6, 1944, to and including June 6, 1945, or made a total overcharge of $117 for the rental of said premises.

6. The actions of the defendants in demanding and receiving excess rental for the premises were not willful.

7. The actions of the defendants in demanding and receiving excess rental for the premises were the result of failure to take practicable precautions.

8. The plaintiff is entitled to recovery and judgment is, therefore, entered in favor of the plaintiff and against the defendants, Edward Sago and Julia Sago, in the amount of $494 together with the costs of said proceeding.

9. The plaintiff is entitled to injunctive relief as prayed for against the defendants.

## Discussion

In this civil action brought by the Administrator of the Office of Price Administration against the defendants, Edward Sago and Julia Sago, under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., it appears that the defendants purchased certain real estate from Luigi Theodori on May 13, 1944, and said dwelling comprised four rooms and bath on each side together with furnace and garage. That at the time of the purchase, there were tenants in each of the dwelling units; one tenant remaining in the property for approximately four weeks after the purchase, and the other tenant for seven or eight weeks.

That at the time of the purchase, the defendants made inquiry of Luigi Theodori as to whether or not the property had been registered with the Rental Division of the Office of Price Administration, and Mr. Theodori informed them that he didn't know what the Office of Price Administration was and that it was his property. The former owner informed the defendants that the tenants paid what ever they felt like paying, and the defendants in this proceeding made no inquiry of the tenants as to what rental they were paying. That

after the tenants removed from the premises, the defendants made numerous repairs to the property at a cost of approximately $1,000. The tenants of the former owner delivered possession to the defendants in May or June, 1944, and the premises were first rented by the defendants in October, 1944.

That before the tenants of the defendants moved into the rental units, one of the defendants, Julia Sago, went to the Office of Price Administration at McKeesport, Penn., to make inquiry as to what rental should be charged and was informed that it would be necessary for the defendants to file their application for registration in order that the fair rental value could be fixed if the units had not been rented prior to October 1, 1944. It further appears that one of the tenants of the former owner paid the defendants the amount of $20 for the period of time that said tenant occupied the one unit, and the other tenant paid no rental to the defendants. There appears to be no question that neither of the units was rented for the period from sometime in June, 1944, to October, 1944.

Although the rental had never been fixed for either of the dwelling units, since the tenants were anxious to have possession, the defendants permitted the tenants to occupy said dwelling units without having the rental value fixed. Relying on an oral statement made by an employee at the McKeesport Office of Price Administration that on the basis of the facts orally presented by the defendants, the units would warrant a rental charge of $35, the defendants charged a monthly rental of $33 to each of the tenants to whom the units were leased.

It appears that the former owner, Luigi Theodori, had not previously registered said premises, and the defendants filed their application for registration on February 28, 1945, in which it was set forth that said units were first rented after the effective date of the Maximum Price Regulation on October 1, 1944, and that the rental charged was $33 per month. Due to the fact that the former owner had not previously registered said dwelling units, and inquiry was made by the tenants of the defendants through the Office of Price Administration as to what the legal maximum rent should be, a request was made by the Office of Price Administration that the former owner file a registration for said dwelling units in which the rent charged on March 1, 1942, would be set forth. That the former owner, Luigi Theodori, filed the application for registration for each of said units on May 12, 1945, in which it was set forth that the maximum legal rent charged on March 1, 1942, was $20 per month.

It was then learned through the Rental Division of the Office of Price Administration that an inconsistency existed as to the maximum legal rent which was charged on March 1, 1942, and on the basis of the certification of the former owner, said units had been rented prior to October 1, 1944.

The Office of Price Administration notified Julia Sago, one of the defendants, by letter on February 22, 1945, that said premises had not been registered as provided by law and it was apparently in response to this letter that the defendants registered the units on February 28, 1945. The defendant, Julia Sago, was furthermore notified on May 26, 1945, that information available to the Office of Price Administration indicated that a rental of $33 per month was being charged for said units when the maximum legal rent was $20 per month.

It also appears that the defendants had requested the Office of Price Administration for leave to charge the monthly rental of $33 due to the fact that considerable repairs had been made to the dwelling units, and that the rental of $20 per month, which was charged by the former owner, was based to a certain extent on the special or personal relationship existing between the tenants and the former owner.

There is no question in the mind of the Court that the defendants failed to exercise the practicable precautions required by law. They failed to communicate with the Office of Price Administration after the former owner informed them that he wanted nothing to do with this Agency and that it was his property, and that he would do with it what he wished. They failed and neglected to discuss the rental with the tenants who occupied the units for a period of four to eights weeks after the dwelling was purchased. The defendants also failed and neglected to file a registration for the rental units until February 26, 1945, and the applications were filed after a letter had been received from the

Office of Price Administration, which was dated February 22, 1945.

The defendants executed leases with each of the tenants who occupied said units, in which the monthly rental value was set forth to be $33, and also set forth in their registration that the rental was $33 and that the units had not been rented prior to October 1, 1944.

It is common experience that if a person willfully fails and neglects to comply with the law with the intent to commit an unlawful act, such action is generally committed in secrecy. The defendants, no doubt, believed that as a result of the statements made by an employee at the McKeesport Office of Price Administration, that from the facts presented the units would justify a rental value of $35, they would be justified in renting the premises at $33 per month. The Court, therefore, does not believe that the actions of the defendants were willful to the extent that it was intended should exist when Congress made this provision in the Act.

■ However, the defendants were not entitled to rely upon the unofficial oral advice given by an employee in the McKeesport Office of Price Administration. At first blush, this may seem harsh, but obviously the Administrator cannot be bound by various oral interpretations which happen to be made by his hundreds, perhaps thousands, of employees in violation of regulations. The Administrator has prescribed a reasonable procedure by which persons subject to the regulations may obtain official interpretations or information by which all will be bound and, therefore, an individual who sells merchandise is not entitled to rely on unofficial interpretations. Wells Lamont Corp. v. Bowles, Price Administrator, Em.App., 149 F.2d page 364; Utah Power & Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791.

■ It is the duty of the defendants, however, to prove by a preponderance of the evidence that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violations. If the defendants prove each of these facts, then the amount of the recovery can only be the overcharge or $25, whichever is greater. Bowles v. Goebel, D.C., 58 F.Supp. 686.

■ The success of the war against inflation is dependent upon the patriotic co-operation of all persons to whom it is applicable, and the Court should not consider the controversy as existing merely between an agency of the Government and a defendant. Brown v. Hecht Co., 78 U.S. App.D.C. 98, 137 F.2d 689, 695; Henderson v. C. Thomas Stores, D.C., 48 F.Supp. 295, 301.

The Administrator does not carry the sole burden of the war against inflation, and the courts should not, therefore, administer any part of the Act grudgingly. It should be administered by the courts with their due share of responsibility, and the discretion permitted to be exercised by the courts should be in the light of the large objectives of the Act. "That of all the consequences of war" and now our period of postwar readjustment, "inflation is the most destructive." Bowles v. Hecht Co., 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754; Bowles v. Montgomery Ward & Co., 7 Cir., 143 F.2d 38.

■ In the enforcement of the Price Control Act, the Court should, therefore, exercise its discretion in the light of the standards of public interest. If the public interest is to be protected and the statute is to have its full and proper deterring effect on prospective wrongdoers, a defendant must be discouraged from failure to comply by the imposition of an appropriate penalty. Bowles v. Hecht Co., 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

■ Therefore, it is the opinion of this Court that under the Emergency Price Control Act, as amended, recovery against a defendant for charging excess rentals should be limited to the amount of the overcharge only where the defendant sustains the burden of proving that the violation was neither willful nor the result of failure to take practicable precautions, and, in event the defendant has failed to sustain said burden, recovery should not be less than the overcharge and not more than three times the overcharge, or not less than $25 nor more than $50, whichever is the greater. Bowles v. Goebel, D.C., 58 F.Supp. 686; Bowles v. Krodel, 7 Cir., 149 F.2d 398; Bowles v. Hasting, 5 Cir., 146 F.2d 94; Bowles v. Ammon, D.C., 61 F.Supp. 106.

■ Since in this case the defendants have proven that their actions were not willful but they failed to prove that the practicable precautions intended by the Act were not exercised, the Court believes that

the maximum penalty provided by the Act should not be imposed. There must be some distinction made in the imposition of the penalty where the actions were both willful and without the exercise of practicable precautions, and where the actions were only the result of failure to exercise practicable precautions. Bowles v. Hasting, 5 Cir., 146 F.2d 94.

The Court, therefore, believes that judgment should be entered in favor of the Office of Price Administration on behalf of the United States against each of the defendants, Edward Sago and Julia Sago, for double the amount of the overcharge together with the costs of this proceeding.

It is necessary that the defendants realize in the future that they must comply with all rules and regulations adopted by the Office of Price Administration, which would govern the leasing of premises in the Pittsburgh Rental-Defense Area, and it is, therefore, the belief of the Court that the request of the Government for injunctive relief should be granted.

An appropriate order directing the entry of judgment and the granting of the injunctive relief will be filed with this opinion.