**WOODS v. SCHWARTZ.**

Civ. A. No. 6567.

United States District Court
W. D. Pennsylvania.

Jan. 25, 1950.

Harold L. Wertheimer, Litigation Attorney, Office of the Housing Expediter, Philadelphia, Pa., for plaintiff.

William B. Washabaugh, Erie, Pa., for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Housing Expediter against the defendant, Charles J. Schwartz. The proceeding is instituted under and pursuant to the provisions of Sections 205(a) and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq.

Jurisdiction of this action is conferred upon the court by Sections 205(a) and 205(c) of the Act.

The defendant violated the provisions of Section 4(a) of the Act, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix, § 901 et seq. Rents were charged in excess of the maximum rent regulation (8 F.R. 7322) as provided for housing accommodations in the Erie Defense Rental Area.

The maximum legal rent for the premises was $25.00 per month. The defendant charged and received from May 1, 1945 to June 30, 1946, and from August 1, 1946 to August 31, 1946, inclusive, rental in the amount of $40.00 per month, the total overcharges during said period being $225.00.

The Expediter demands:

(a) Judgment in favor of the United States and against the defendant for overcharges received during the month of August, 1946.

(b) Defendant be directed to make restitution to the tenants.

The premises were rented by the defendant in response to an advertisement which related to a six room house and ten acres of land. The defendant required the tenants to execute two leases; one related to the dwelling house on a lot 100 x 150 feet, at a rental of $25.00 a month, and the other to ten acres of land ·which adjoined the dwelling house, at a rental of $15.00 per month.

Considerable difference of opinion exists as to whether the two leases were executed prior to the time that tenants took possession of the premises, or whether they were executed three to four weeks subsequent thereto. It does not make any material difference when the leases were executed since the premises were, in part, registered with the Area Rent Director as a dwelling unit and four acres of land, at a monthly rental of $25.00.

The defendant contends:

(a) The lease which relates to ten acres of land was not controlled by the rent regulations since the premises were leased as farm lands and for pasture purposes.

(b) In addition thereto the defendant was advised by his counsel of record, who was then acting as Chief Rent Attorney for the Erie County Defense Rental Area, that it was lawful for him to lease said ten acres as lease-land and not as services adjunct to the dwelling. (Counsel for the defendant in his brief makes this positive representation to the Court. It was not developed at trial.)

Section 1(b) of the Rent Regulation for Housing (11 F.R. 12055) issued pursuant to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq., declared that the Regulation does not apply to: "(1) Farming tenants. Housing accommodations situated on a farm and occupied by a tenant who is engaged for a substantial portion of his time in farming operations thereon."

■ No extended discussion appears necessary to support the proposition that exceptions in a statute are to be strictly construed and that one claiming the exemption has the burden of proving that he is entitled to it. Walling v. General Industries Co., 6 Cir., 155 F.2d 711, 712, affirmed 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088; Phillips, Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876; Smith v. Porter, 8 Cir., 143 F.2d 292, 294; Schmidt v. Emigrant Industrial Sav. Bank, 2 Cir., 148 F.2d 294.

Regardless of whether the burden is on the defendant in this case to prove the land is exempt or whether it is on the Housing Expediter to prove that the land is not farm land and is subject to control, the acreage herein involved was definitely not a farm and the tenants were not farming tenants within the contemplation of the Regulation.

■ The additional acreage which had been uncultivated for some time was of little value. It is of little significance in this case whether the land was or was not of value. If the rental of the house was tied-in with, or conditioned upon a rental of the land, it constituted a subterfuge and evasion of the Regulation even if the land had value. United States v. De Porceri, 2 Cir., 161 F.2d 526; Anchor Liquor Company v. United States, 10 Cir., 158 F.2d 221; Coffin-Redington v. Porter, 9 Cir., 156 F.2d 113; Woods v. Edwards, D.C.E.D. Mo., 74 F.Supp. 534; Edwards v. Woods, 8 Cir., 168 F.2d 827; Rosenfeld v. United States, D.C.E.D.S.C., affirmed 4 Cir., 167 F.2d 222.

Section 13(a) (6) of the Housing Regulation defines "housing accommodations" as any building, structure or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes.

The housing accommodations subject to the regulation therefore included the ten acres as land appurtenant thereto. The maximum rent for the premises having included both the dwelling house and the land, a rental could not be charged except upon application of the landlord and authorization of the Area Rent Director pursuant to Section 5 of the Regulation. Thierry v. Gilbert, 1 Cir., 147 F.2d 603; Bowles v. Meyers, 4 Cir., 149 F.2d 440, 441.

Defendant did not avail himself of the procedure provided by law until after the expiration of the renting of the premises by the tenants who had possession thereof. The defendant's charge of $40.00 a month was $15.00 in excess of the maximum legal rent regulation, and constituted an overcharge.

■ Defendant, through his counsel, claims that he had placed absolute reliance on the advice given to him while his present counsel was acting as Chief Attorney for the Erie Rental Defense Area, which was given sometime during the year 1942.

The Act provides, inter alia, that the Administrator may not institute an action, and if such action has been instituted, the Administrator shall withdraw the same (1) if the violation arose because the person who violated the Act relied upon or acted upon the written advice and instructions of the Administrator or any Regional Administrator, or Director of the Office of Price Administration. Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 925, subsection (e).

The advice given by the Chief Rent Attorney was not reduced to writing and, therefore, compliance was not made with the provisions of the Act. The defendant is therefore not exonerated or relieved of the claim which has been filed.

■ A person who consults a representative of the Administrator and relies upon oral advice does so at his own hazard. At first blush, this may seem harsh but obviously the Administrator cannot be bound

by various oral interpretations. The Administrator has prescribed a reasonable procedure by which persons subject to the regulations may obtain official interpretations or information by which all will be bound and, therefore, an individual is not entitled to rely on oral interpretations. Wells Lamont Corp. v. Bowles, Price Administrator, Em.App., 149 F.2d 364; Utah Power and Light Company v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L. Ed. 791; Bowles v. Hageal, D.C., 64 F. Supp. 294; Bowles v. Sago, D.C., 65 F. Supp. 178.

■ The advice of defendant's counsel while acting as Chief Rent Attorney should be considered in determining whether the acts of the defendant were willful and/or the result of the failure to exercise practicable precautions. The burden in this respect is upon the defendant and, in my judgment, the burden has been met. The Expediter is not entitled to the entry of treble damages for the amount of the overcharge during the month of August, 1946.

The Expediter demands that the defendant be directed to make restitution to the tenant of the overcharge in the amount of $15.00 for the period from May, 1945 to August, 1946, inclusive, excluding July, 1946, which would amount to $225.00, and in addition thereto that judgment be entered in favor of the Expediter for the amount of $30.00, which is double the amount of the overcharge for the month of August, 1946.

■ In an enforcement proceeding instituted under Section 205(a) of the Emergency Price Control Act of 1942, power exists to order restitution of rents collected by the landlord in excess of maximums established by regulations issued under the Act. An order for the recovery and restitution of illegal rents is an "other order" within meaning of that section either as an equitable adjunct to an injunction decree or as an order appropriate and necessary to enforce compliance with the Act. Emergency Price Control Act of 1942, Section 205(a), as amended, 50 U.S.C.A. Appendix, § 925(a); Woods v. Bomboy, 3 Cir., 179 F.2d 426.

The Expediter does not ask for injunctive relief in this proceeding.

■ As to the August overcharge, the Expediter asks for an order of treble damages—$15.00 to be restored to the tenants and $30.00 in favor of the United States.

Since I believe the defendant's action was not willful and that practicable precaution was exercised, an award should not be entered for August, 1946 in an amount greater than the actual overcharge of $15.00.

The defendant cannot be required to pay both the tenants and the government as to August, 1946. The claim for an order of restitution to the tenants for the month of August, 1946 will be denied and judgment will be entered in favor of the United States and against the defendant for the overcharge of $15.00.

■ The tenants occupied the premises for some period of time subsequent to October 1, 1946, and on the basis of their lease they did become obligated to pay rent during said month. As a result thereof, the amount of $25.00 must be deducted from the restitution which it is directed should be made by the defendant to the tenants. The net amount to be refunded is, therefore, $185.00.

Findings of Fact and Conclusions of Law are hereby entered together with an appropriate order.

### Findings of Fact

1. That Tighe E. Woods is the duly appointed Housing Expediter of the Office of The Housing Expediter and has a right to maintain this action as plaintiff under the Emergency Price Control Act of 1942, as amended, and by virtue of Executive Orders issued by the President of the United States on November 1, 1947 and December 20, 1947.

2. That at all times mentioned herein there was in full force and effect the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing (8 F.R. 7322) as amended, issued thereunder.

3. That at all times herein mentioned the defendant was and is the landlord of

housing accommodations within the Erie Defense Rental Area designated as R. D. No. 3, Peach Street and South Gore Road, Erie, Pennsylvania.

4. That during the period hereinafter mentioned the maximum legal rent for the housing accommodations above designated was the rent received on the maximum rent date, to wit: March 1, 1942, which said rent was $25.00 per month.

5. That the defendant advertised the aforesaid premises for rent by means of a box advertisement in one of the newspapers published in Erie. That the said advertisement described the premises for rent as consisting of a house and ten acres of land at $40.00 per month.

6. That on or about May 5, 1945, Julia E. Strough and her mother, Eleanor Laird, agreed with the defendant to rent the premises from him at $40.00 per month and they thereupon entered into possession.

7. That shortly after the said Julia E. Strough and Eleanor Laird entered into possession, the defendant submitted to them two leases, both bearing the same date of execution and for the same duration. The one lease purported to be a lease for a dwelling house at $25.00 per month and the other lease purported to be a lease for ten acres of ground for $15.00 per month. Both instruments were then signed by the defendant and the said tenants.

8. Julia E. Strough and Eleanor Laird occupied the aforementioned premises until the early part of October, 1946 when they vacated the premises pursuant to a notice to vacate which had been given to them by the defendant.

9. That on or about October 10, 1946, Julia E. Strough mailed the defendant a letter and enclosed a key to one of the doors to the dwelling house.

10. That from May 1945 to August 1946, inclusive, exclusive of July 1946, the tenants paid the defendant rent in the sum of $40.00 per month and further paid the defendant rent of $25.00 for the month of September 1946.

11. That no rent was paid for the month of October, 1946.

12. That the ten acres of land adjoining the dwelling house had not been cultivated for some time prior to the renting of the same to Julia E. Strough and Eleanor Laird.

13. That on the said land was a small orchard, comprising about ten fruit trees which bore very little fruit.

14. That erected on the ten acres of land were two buildings which were never used by Julia E. Strough or Eleanor Laird but, during their occupancy, were used by the defendant.

15. That a small portion of the ten acres, to wit, approximately one-half acre, was cultivated by Julia E. Strough and Eleanor Laird as a truck garden, the produce from which was used by them for their own consumption and none of which was sold.

16. That the ten acres of land were an appurtenance to the dwelling house and should have been included in the renting of the aforesaid housing accommodations for the maximum legal rent of $25.00 per month or the land constituted an additional "service" under the housing regulation for which the defendant could have petitioned the Area Rent Director for an increase in the maximum legal rent.

17. The defendant did not petition for any increase in the maximum legal rent, however, until August 26, 1946. The Area Rent Director, upon said petition, thereafter issued an order dated and effective November 5, 1946, increasing the maximum legal rent for the premises designated as R. D. No. 3, Peach Street and South Gore Road, Erie, Pennsylvania, from $25.00 per month to $30.00 per month, "including the additional 10 acres of land."

18. The sum of $15.00 which the defendant had received from Miss Strough and Mrs. Laird each month as above mentioned constituted a sum in excess of the maximum legal rent which defendant was not entitled to receive during the period involved in this suit.

19. The total overcharges received by the defendant during the period from May 1945 to August 1946 (excluding July 1946), amounted to $225.00.

20. That the period from August 1, 1946 to August 31, 1946 is within one year from the filing of this action.

21. That the total overcharges received by the defendant during the period of one year from the execution of this action amounted to $15.00.

22. That the defendant relied on the oral advice of the Chief Rent Attorney of the Erie Defense Rental Office that the ten acres of land could be rented separately from the housing accommodations.

23. That the aforesaid overcharges were demanded and received by the defendant in violation of the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, issued thereunder.

### Conclusions of Law

1. That this Court has jurisdiction of the subject matter of this action and over the parties hereto.

2. That during the period from on or about May 5, 1945 to August 31, 1946 (exclusive of July 1946), the defendant violated the Emergency Price Control Act of 1942, as amended, and the Rent Regulation for Housing, as amended, issued thereunder, by demanding, accepting and receiving rent from Julia E. Strough and Eleanor Laird for the housing accommodation designated as R. D. No. 3, Peach Street and South Gore Road, Erie, Pennsylvania, in excess of the maximum legal rent permitted by said Act and Regulation.

3. That the foregoing violations were not willful and due to the defendant's failure to take practicable precautions against the occurrence thereof.

4. That an Order requiring full restitution of the overcharges to the tenants is authorized by Section 205(a) of the Emergency Price Control Act of 1942, as amended.

5. That the plaintiff, on behalf of the United States, is entitled to damages for the overcharge occurring within one year from the institution of suit by virtue of Section 205(e) of the Emergency Price Control Act of 1942, as amended, in the amount of $15.00.

6. That the tenants are obligated to the defendant in the amount of $25.00 for the month of October, 1946.

7. That the plaintiff is entitled to judgment as follows:

(a) Judgment for the plaintiff on behalf of the United States and against the defendant, Charles J. Schwartz, in the sum of $15.00.

(b) An Order requiring the defendant to make restitution to the tenants, Julie E. Strough and Eleanor Laird, in the sum of $185.00 computed as follows:

(1) Overcharge from May 1, 1945 to June 30, 1946 14 months at $15.00................ $210.00

(2) Overcharge from Aug. 1, 1946 to Aug. 31, 1946........... 15.00

Total Overcharges.... $225.00

(3) Credit due defendant for rental due October, 1946 .......... $25.00

(4) Judgment entered in favor of United States for overcharge August, 1946 15.00 40.00

Net Amount of Restitution ............... $185.00

(c) That the costs of this action shall be paid by the defendant.