## UNITED STATES v. RAFAIL et al.
### Civ. A. No. 10174.

United States District Court
W. D. Pennsylvania.
Jan. 29, 1953.

648

Albert C. Osofsky, Philadelphia, Pa., for United States.

Anthony Cavalcante, Uniontown, Pa., for defendants.

GOURLEY, Chief Judge.

This is a non-jury trial based upon alleged rent overcharges in violation of Section 206(a) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The authority of the United States to bring such an action is found in Sections 205 and 206(b) of the Act as amended.

At the trial of this cause it was contended that the housing accommodations were decontrolled because of the regulatory provisions providing for exemption of additional housing accommodations created by conversion on or after February 1, 1947. It is respectfully submitted that this contention is not valid.

Section 202(c)(3) [1] of the Housing and Rent Act of 1947 provided that the term "controlled housing accommodations" did not include "additional housing accommodations created by conversion on or after February 1, 1947 * * *." Accordingly, the Controlled Housing Rent Regulation, 12 F.R. 4331, issued by the Housing Expediter provided in part as follows:

"Section 1(b) *Housing to which this regulation does not apply.* This regulation does not apply to the following:

"(8) *Accommodations first offered for rent.*

"(1) Housing accommodations, the construction of which was completed on or after February 1, 1947, or which are additional housing accommodations created by conversion on or after February 1, 1947. * * *"

For the purposes of this paragraph (8) the word "conversion" means (1) a change in a structure from a nonhousing use or (2) a structural change in a residential unit or units involving substantial alterations or remodeling and resulting in the creation of additional housing accommodations.

In order for housing accommodations to be exempt from the foregoing provisions, as the regulation applies to the facts in this case, it is necessary that the housing accommodations are additional housing accommodations and that such additional housing accommodations resulted from a structural change involving substantial alterations or remodeling.

■ The burden of establishing that the housing accommodation comes within the exemption and thus not subject to rent control rests squarely upon the defendants. Woods v. Schwartz, D.C.W.D.Pa., 88 F.Supp. 385, 388; Woods v. Oak Park Chateau Corp., 7 Cir., 179 F.2d 611, 614; Bray v. Peck, 9 Cir., 190 F.2d 998, 1002.

■ This burden was not met. Neither of the elements required to decontrol the housing accommodations under consideration were established. It was not shown that there was a structural change involving substantial alterations or remodeling nor was it demonstrated that the work performed resulted in the creation of additional housing accommodations.

In fact, the testimony at the trial clearly revealed that neither element existed. Beatrice Rafail, daughter of the defendants,

1. By P.L. 31, 81st Congress a proviso was added which provided that "any housing accommodations resulting from any conversion created on or after the effective date of the Housing and Rent Act of 1949 shall continue to be controlled housing accommodations unless the Housing Expediter issues an order decontrolling them * * *." This amendment has no application here since the alleged work was done prior to April 1, 1949, the effective date of the Housing and Rent Act of 1949. For the applicable regulatory provisions thereafter see Sec. 1(b) (vi) of the Controlled Housing Rent Regulation, as amended. 14 F.R. 5711.

testified as to the work done. Her testimony certainly demonstrated that the work performed could not be considered structural changes involving substantial alterations or remodeling. Furthermore, the tenant, Iva Lucas, testified that the housing accommodations occupied by her were the same as that occupied by Harry Burnworth, the tenant in March of 1942. The testimony of Iva Lucas was uncontroverted. Obviously, the housing accommodations occupied by her were not additional housing accommodations—this dwelling unit had existed in 1942.

In view of the foregoing, the said housing accommodations were not exempt from rent control. The collection of rentals in excess of the maximum rent of $14 was in violation of the Housing and Rent Act of 1947 and the Controlled Housing Rent Regulation, and the issuance of an order requiring restitution of the rent overcharges thus collected is proper. United States v. Smith, D.C.W.D.Pa., 95 F.Supp. 622; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L Ed. 582; Woods v. Bomboy, 3 Cir., 179 F.2d 565.

I am cognizant of the technical nature and involvements of the law as it applies to the defendants, and my observation of the defendants with respect to their limitations in the understanding and comprehension of the English language convinces me that no willful violation of the Act was intended and under all circumstances practicable precautions were exercised to comply with the applicable law.

In the interest of equity, I shall not invoke the penal provisions of the law as relate to double or treble damages, but shall direct restitution to the tenants for overcharges not in conformity with law.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. At all times material hereto, the defendants were landlords of controlled housing accommodations located at 127 Morgantown Street, Uniontown, Pennsylvania, and consisting of five rooms, being three rooms on the first floor and two rooms on the second floor.

2. The aforesaid housing accommodations are not additional housing accommodations created by conversion on or after February 1, 1947.

3. At all times material hereto, the maximum rent for the aforesaid housing accommodations was $14 per month.

4. From October 1947 to January 31, 1950 the defendants received rent for the use and occupancy of the said housing accommodations from the tenant, Iva Lucas, in the sum of $32.50 per month. The total amount which the defendants thereby received in excess of the maximum rent was $518.

5. From February 6, 1950 to October 15, 1951 the defendants received rent for the use and occupancy of the said housing accommodations from the tenant, Iona Haney, in the sum of $32.50 per month. The total amount which the defendants thereby received in excess of the maximum rent was $379.25.

6. The total overcharges received by the defendants as set forth in Finding No. 4 and Finding No. 5 amount to $897.25.

7. The violations by the defendants were not willful.

8. The violations by the defendants were not the result of a failure to exercise practicable precautions.

9. Subsequent to the institution of this action the defendant Waddia Rafail died, and under the law of Pennsylvania title became vested in the surviving wife, Rose Rafail, and no need existed to substitute the representative of the estate of Waddia Rafail.

### Conclusions of Law

1. This Court has jurisdiction of the subject matter of this action and the parties hereto.

2. The defendants have violated the Housing and Rent Act of 1947, as amended, and the Controlled Housing Rent Regulation issued thereunder by receiving sums in connection with the use and occupancy of the said housing accommodations which were in excess of the maximum rent permitted by said Act and Regulation.

3. The issuance of an Order enforcing compliance and requiring restitution is authorized and warranted.

4. An Order should issue:

a. Directing the defendant Rose Rafail to pay to the Treasurer of the United States the sum of $897.25 for the use and benefit of the following named persons in the amounts designated:

| | |
|---|---|
| Iva Lucas | $518.00 |
| Iona Haney | 379.25 |

Such payment to be made through the Office of Rent Stabilization, Regional Litigation Section, 800 Commercial Trust Building, South Penn Square, Philadelphia 2, Pennsylvania.

b. Enjoining the defendant Rose Rafail, her agents, servants, employees and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting, receiving or retaining any rent in excess of the maximum legal rent established by the Housing and Rent Act of 1947, as amended or superseded, and the Regulations issued thereunder, as amended or superseded.

c. Directing the defendant Rose Rafail to pay the costs of this suit.