PUERTO RICO DISTILLING COMPANY, Plaintiff and Appellee, *v.* SOL LUIS DESCARTES, SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 11321. Argued November 1, 1955.—Decided December 8, 1955.

*José Trías Monge, Attorney General,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellant. *McConnell & Valdés* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is an appeal taken by the Secretary of the Treasury from a judgment of the San Juan Part of the Superior Court setting aside a deficiency of which the Puerto Rico Distilling Company was notified, in which he disallowed the

deduction for the year 1945 of the following two items: (a) $20,517.30 paid by the taxpayer to the Office of Price Administration, and (b) $3,000 paid by the taxpayer as attorney's fees in a proceeding brought before that federal agency (O.P.A.).

The judgment of the lower court, as to these two items is based on the following findings of fact made by the trial court:

"(2) In 1945, plaintiff paid the sum of $20,517.30 to the United States, Office of Price Administration, and the sum of $3,000 as attorney's fees to Jorge Luis Córdova Díaz, who represented it before that agency.

"(3) The facts which gave rise to the payment to the United States, Office of Price Administration, were the following:

"(a) Plaintiff is engaged in the manufacture of alcohol in Puerto Rico. During the war years and because of the shortage of alcohol in the United States, American perfume manufacturers sent to plaintiff and to other entities in Puerto Rico essential oils to be mixed at this end with alcohol and returned to the remitting firms in the form of manufactured perfume. The mixture made by plaintiff consisted of 250 parts of alcohol 190° proof and 10,000 parts of essence. In view of the high price of the essential oils; the fact that those oils continued to be the property of the senders during the mixing process; that the operations required great care and accuracy so that plaintiff was running the risk of having to pay for all the essence that might be wasted during the process; and in the belief that there was involved the sale of a different product, and according to its interpretation of the regulations of the Office of Price Administration, plaintiff originally fixed the price of the already-mixed oils at $2.25 per gallon, which was the price charged by another entity engaged in similar operations in Puerto Rico evidently with the approval of the Office of Price Administration.

"(b) The Office of Price Administration construed the regulations otherwise and, in the belief that the operation involved solely and exclusively the sale of alcohol, the price of which had been fixed at 76 cents, and the rendering of a service —the mixture of essential oils—for which the price had been

fixed at two cents per gallon, it ruled originally that plaintiff was merely entitled to charge the amount of 78 cents instead of $2.25. Thereafter the Office of Price Administration fixed the price at $1.75 per gallon to be charged by plaintiff.

"(c) Before the Office of Price Administration fixed definitively the price at $1.75 per gallon and while the same was under consideration, the Administrator of that Office filed in the United States District Court for Puerto Rico an action against plaintiff in this suit, case No. 4434, alleging that the latter had charged prices in excess of the maximum price fixed by the Administrator under the regulations applicable to this product. He petitioned for an injunction against plaintiff enjoining it from continuing to charge such prices, and also requested the payment to the United States of America of damages for three times the amount of the excess collected.

"(d) Thereafter the parties in case No. 4434 filed a stipulation to the effect that the maximum price applicable to that product was $1.75 per gallon; that plaintiff Puerto Rico Distilling Company had paid the sum of $20,517.30 to the United States Treasury, which sum was accepted by the Price Administrator in full payment of all claims for damages involved in the complaint, and it was therein requested that the complaint be dismissed as to the damages. In view of that stipulation, the United States District Court for Puerto Rico rendered judgment dismissing the complaint as to the claim for damages.

"(e) The sum of $20,517.30 paid by plaintiff to the United States, by virtue of the stipulation, represented merely the damages, and it was established that plaintiff had not been engaged in black-market practices and that its action was due to a misinterpretation or improper application of price regulations.

"(3) In the proceedings above described and as a result of his intervention on behalf of plaintiff, having obtained, among other things, an increase of from 78 cents to $1.75 in the maximum price originally fixed, plaintiff paid to Jorge Luis Córdova Díaz the sum of $3,000 as attorney's fees."

Appellant contends (1) that the lower court erred in allowing the deduction of the two items in question, and (2) that the court erred in not taking into consideration the

testimony of inspector Carlos Ruiz of the Bureau of Income Taxes.

■■ The appellee paid the sum of $20,517.30 to the United States Government in the manner and under the circumstances set forth in the foregoing findings of fact. This payment was made pursuant to the provisions of § 205(e) of the Emergency Price Control Act of 1942.[1] That section authorized the consumer, and, in certain cases, the Administrator of the Office of Price Administration (O.P.A.), to bring action against the seller of articles subject to price control for $50, or for three times the amount by which the consideration exceeds the applicable maximum price, whichever is greater. Appellant agrees that not all payments made to the United States Government under § 205(e) should be rejected as a deduction under the Income Tax Act, and that the test for determining whether or not such payments are deductible as ordinary and necessary expenses of the business [2] is not whether such payments are by way of a fine or penalty, but rather whether they defeat the policies defined in the Emergency Price Control Act. We also agree with appellant that in applying this test to specific cases the courts have distinguished between willful violations and innocent violations of price regulations. If the violations are willful or due to lack of reasonable precaution, then the payment is not deductible; but, on the contrary, if they are innocent violations, then the payment is deductible as an ordinary and necessary expense of the business. *Jerry Rossman Corp.* v. *Comm'r*, 175 F. 2d 711; *Comm'r* v. *Pacific Mills*, 207 F. 2d 177; *Utica Knitting Co.* v. *Shaughnessy*, 100 F. Supp. 245; *Hershey Creamery Co.* v. *United States*, 101 F. Supp. 877; *Bowles* v. *Hageal*, 64

---

[1] 56 Stat. 34, 50 U.S.C.A. App., § 925(e).

[2] Section 32(a)(1) of our Income Tax Act, as amended by Act No. 159 of May 13, 1941 (Sess. Laws, p. 972), authorized the taxpayer to deduct from his gross income all ordinary and necessary expenses paid or incurred during the taxable year in the operation of his business.

F. Supp. 294; [3] *Farmers Creamery Co. of Fredericksburg,* 14 T.C. 879; *Henry Watterson Hotel Co.,* 15 T.C. 903; *Pacific Mills,* 17 T. C. 705.

Since the facts of this case are clearly set forth in the opinion of the lower court, we will not reproduce them here. It will suffice to recall that the appellee's interpretation of the O.P.A. regulations was that it had the right to sell the product at $2.25 per gallon. The O.P.A., on the contrary, interpreted the regulations differently and fixed the price originally at 78 cents per gallon for that product. However, this interpretation was thereafter changed by the O.P.A. itself, which fixed the price at $1.75 per gallon. It was on the basis of this price that the action for treble damages brought by the O.P.A. against the appellee was compromised. The evidence tends to show that this compromise was based on the payment by the taxpayer of an amount representing merely the payment of the overcharge collected by the appellee, namely, the difference between $1.75 and $2.25 per gallon. The Price Administrator accepted the payment and waived other damages. The evidence also reveals that after the O.P.A. definitively fixed the maximum price at $1.75 per gallon, the appellee did not transact any sales in excess of that price. These circumstances, among others, lead us to conclude that the lower court did not err in ruling that the appellee's violation of the maximum-price regulations was not intentional, nor did its action frustrate the public policy defined in the Emergency Price Control Act of 1942. *Méndez & Co., Inc.* v. *Secretary of the Treasury, supra.*

■■ Appellant's assertion that the violations charged to the appellee were intentional since, while it invoiced at $1.75 per gallon it sold the same at $2.25, keeping in the safe the difference between these sums, is based on a con-

---

[3] The doctrine announced in this case on the applicability of the "reasonable precaution" rule under the facts involved in that case was impliedly rejected by this Court or not applied as normal to the facts of the case of *Méndez & Co., Inc.* v. *Secretary of the Treasury,* 77 P.R.R. 877.

jecture or inference drawn by inspector Ruiz from the fact that the appellee deposited in the bank a sum equal to that paid to the O.P.A. as overcharge. The appellee presented evidence to explain the source of this deposit, and that evidence was incompatible with or tended to overcome the inference drawn by inspector Ruiz. The lower court was not bound to accept a mere inference as a proved fact. The weighing of the evidence on this point is not clearly erroneous and should not therefore be set aside. *Wolff* v. *Hernández*, 76 P.R.R. 608.

■ Neither do we question the fact that the sum of $3,000 paid by the taxpayer as attorney's fees constitutes an ordinary and necessary expense of the business. It is enough to recall that the attorney's intervention in this case culminated in the production of greater income to the taxpayer. The lower court did not err in holding that that sum was deductible. *Comm'r* v. *Heininger*, 320 U.S. 467; *Cf. Lilly* v. *Comm'rs*, 343 U.S 90; *Northern Trust Co.* v. *Campbell*, 211 F. 2d 251; see 66 Harv. L. R. 173–76; *Cf. Buscaglia, Treas.* v. *Tax Court*, 68 P.R.R. 794.

The judgment appealed from will be affirmed.